IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY EASTERDAY, et al.,** | : | **CIVIL ACTION** |
| Plaintiffs | : | |
| | : | |
| vs. | : | NO. 14-1415 |
| | : | |
| **THE FEDERATED MUTUAL** | : | |
| **INSURANCE COMPANY,** | : | |
| Defendant | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                       March 24, 2015

This action involves an insurance coverage dispute arising from the defendant's denial of Plaintiff Terry Easterday's claim to recover underinsured motorist benefits under the defendant's business auto insurance policy. Mr. Easterday alleges that the defendant's form used to reject underinsured motorist coverage did not specifically comply with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law. Therefore, he says, the form is void and he should be entitled to recover benefits under the insurance policy.

The defendant has moved to consolidate the above-captioned case with an earlier-filed case currently on the docket of the Honorable Joseph F. Leeson, Jr., of this district: <u>Bryan Rarick v. Federated Service Insurance Company</u> (13-cv-3286). The plaintiffs oppose consolidation. For the following reasons, I will deny this motion in its entirety.

## I. BACKGROUND

On May 28, 2103, the <u>Rarick</u> case was filed as a Class Action Complaint in the Court of Common Pleas of Philadelphia County. On June 12, 2013, the defendant timely

removed the case to federal court.  The complaint alleges that Mr. Rarick sustained personal injuries in a June 27, 2011 car accident, while he was driving a car insured under a Commercial Package Policy issued by Defendant Federated Service Insurance Company to Keystone Automotive Operations, Inc., Mr. Rarick's employer and the owner of the vehicle.  The vehicle driven by Mr. Rarick was forced off the roadway by the driver of an unidentified vehicle causing Mr. Rarick's vehicle to roll over.  The owner and operator of the unidentified vehicle are both unknown.  Mr. Rarick seeks to recover uninsured motorist benefits which were denied because that coverage was rejected by his employer, and therefore not provided by the policy.  Mr. Rarick claims that he is entitled to those benefits because the defendant did not obtain a valid rejection of uninsured motorist benefits under Pennsylvania law.  The defendant contends that the Commercial Package Policy does not provide underinsured motorist coverage by reason of an Uninsured and Underinsured Motorist Limit of Insurance Endorsement, which provides:

> In consideration of the premium charged, the limit for Uninsured and Underinsured Motorist Coverage as provided by your policy is modified as follows:
>
> l.  For all directors, officers, partners or owners of the named insured and their "family members" who qualify as "insureds" under the WHO IS INSURED of the Uninsured and Underinsured Motorist Coverage attached to this policy, the limit of insurance shall apply per "accident" as follows:
>
> $1,000,000 Uninsured Motorists
>
> $1,000,000 Underinsured Motorists.
>
> This limit of insurance is for each "accident" and is the most we will pay for all damages resulting from any

>       one "accident" or "loss" regardless of the number of directors, officers, partners, owners or family members involved unless otherwise stated in the Uninsured and Underinsured Motorists Coverage attached to this policy.
>
>       2. For any other persons qualifying as "insureds" under the WHO IS AN INSURED provision of the applicable coverage, the limit shown below shall apply per "accident." If no limit is shown below, no coverage is afforded to any other person.

Thus, this endorsement permits recovery of up to $1M in uninsured motorist benefits from the named insured and family members while providing zero uninsured motorist benefits to all other persons. In <u>Rarick</u>, Keystone Automotive Operations, Inc., is the named insured on that policy. Bryan Rarick is only an employee of Keystone, so he would fit into the "all other persons" category -- and would get no coverage according to the endorsement. Accordingly, Defendant Federated Service Insurance Company contends that Mr. Rarick has no uninsured motorist benefits available to him for injuries sustained in the accident.

On February 11, 2014, the <u>Easterday</u> case was filed as a Class Action Complaint in the Court of Common Pleas of Philadelphia County. On March 7, 2014, the defendant timely removed it to federal court, and it is currently on my docket. The complaint alleges that Mr. Easterday was injured in a car accident on May 3, 2010, when Jason Brubaker, an underinsured motorist, failed to stop his car and drove it into the rear of the car Mr. Easterday was driving. Mr. Easterday's employer owned the vehicle and insured it with the defendant under a business auto policy. On August 18, 2011, Mr. Easterday was involved in a second rear-end collision with Maria Lopez, another underinsured

driver. Mr. Easterday seeks to recover underinsured motorist benefits under the policy which were denied because that coverage was rejected by Mr. Easterday's employer, and therefore not covered by the policy.

## II. LEGAL STANDARD

Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42(a) of the Federal Rules of Civil Procedure as a matter of convenience and economy in judicial administration. In re Community Bank of N. Virginia, 418 F.3d 277, 298 n.12 (3d Cir. 2005). Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED.R.CIV.P. 42(a). Consequently, the court may consolidate actions in whole or may order a joint trial of any matters in issue in the actions. Id. In a motion for consolidation, the moving party bears the burden of proof. McClenaghan v. Turi, 2011 U.S. Dist. LEXIS 105476 (E.D. Pa. 2011). Whether a common question of law or fact exists is the threshold requirement for determining whether consolidation is permissible. Farahmand v. Rumsfeld, 2002 U.S. Dist. LEXIS 22473 (E.D. Pa. 2002). When exercising its broad discretion as to whether consolidation is appropriate, the court must balance the potential for prejudice, expense, or confusion against the benefits of judicial economy. Mincy v. Chmielewski, 2006 U.S. Dist. LEXIS 48220 (M.D. Pa. 2006). A court may deny a

motion to consolidate if the common issue is not a principal one, if it will cause delay in one of the cases, or will lead to confusion or prejudice in the trial of a case.

## III. DISCUSSION

Here, the defendant requests consolidation of these two actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure claiming that both "actions before the court involve a common question of law or fact," including, but not limited to, whether the statutory text for rejection of uninsured and underinsured motorist benefits contained in 75 Pa. C.S.A. § 1731(b)[1] and § 1731(c),[2] and the corresponding specific compliance requirement of § 1731(c.1),[3] apply to insurance policies issued to commercial insureds.

Furthermore, the defendant argues that the plaintiffs in both cases seek to certify a class of persons similarly situated, with many of the class allegations overlapping. Specifically, it argues that in both cases, the plaintiffs seek "to represent a class of

---

[1] Section 1731(b) provides that: Uninsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of uninsured motor vehicles.
[2] Section 1731(c) provides that: Underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles.

[3] Subsections 1731(b) and (c) both provide that the name insured shall be informed that he may reject coverage by signing a written rejection form. Section 1741(c.1) provides that insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. Any rejection form that does not specifically comply with this section is void. If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits. On policies in which either uninsured or underinsured coverage has been rejected, the policy renewals must contain notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorists. Any person who executes a waiver under subsection (b) or (c) shall be precluded from claiming liability of any person based upon inadequate information.

persons injured in motor vehicle accidents from 1990 to the present, as a result of the negligence of an uninsured motorist and/or an underinsured motorist, who were eligible to recover per the Motor Vehicle Financial Responsibility Law uninsured and/or underinsured motorists benefits from Federated, but did not recover such benefits from the defendant, Federated," because the defendant relied upon a Rejection of Uninsured Motorist Coverage form and/or a Rejection of Underinsured Motorist coverage form that plaintiffs allege did not specifically comply with the requirements of § 1731 of the Pennsylvania MVFR Law.  See Rarick Compl. ¶¶56, 58; Easterday Compl. ¶¶ 40, 42.

      The plaintiffs oppose consolidation.  In their response, the plaintiffs say that the two lawsuits share only one thing in common, namely, that insurance companies with similar names have violated the Pennsylvania Motor Vehicle Financial Responsibility Law.  After that, according to the plaintiffs, the similarities end.

      A careful review of both complaints reveals that there are many similarities between these two cases.  Both actions assert claims based on the defendant's alleged failure to use uninsured and underinsured motorist rejection forms that comply with the Pennsylvania Motor Vehicle Financial Responsibility Law.  Also, both of these cases allege the same theories of relief, i.e., Declaratory Judgment, Breach of Contract, and Violation of 42 Pa. C.S.A. § 8371, with very similar allegations asserted in support of each claim.  See Rarick Compl. ¶¶ 85-145; Easterday Compl. ¶¶ 68-118.  In fact, the following summary reveals the many common questions of law and fact in both cases:

(1)  Each member of the classes suffered injury as a result of the negligence or recklessness of an uninsured and/or underinsured motorist.  See Rarick Compl. ¶ 65(a); Easterday Compl. ¶ 49(a).

(2)  The members of the classes are eligible to recover uninsured and/or underinsured motorist benefits under an automobile policy issued by the defendant providing coverage in accordance with the Pennsylvania MVFR Law.  See Rarick Compl., ¶ 65(b); Easterday Compl., ¶ 49(b).

(3)  The defendant has denied and/or failed to pay uninsured motorist and/or underinsured motorist benefits, either: without securing or producing a Rejection of Uninsured Motorist Coverage form[4] or a Rejection of Underinsured Motorist Coverage form[5] in accordance with § 1731 of the Pennsylvania MVFR Law, 75 Pa. C.S.A. § 1731,

---

[4]  Section 1731(b) provides that the name insured shall be informed that he may reject uninsured motorist coverage by signing the following written "REJECTION OF UNINSURED MOTORIST PROTECTION" form:
> By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household. Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

[5]  Section 1731(c) provides that the name insured shall be informed that he may reject underinsured motorist coverage by signing the following written "REJECTION OF UNDERINSURED MOTORIST PROTECTION" form:
> By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

<u>see</u> Rarick Compl. ¶ 65(c), or on the basis of a Rejection of Uninsured Motorist Coverage form or a Rejection of Underinsured Motorist Coverage form which does not specifically comply with § 1731 of the Pennsylvania MVFR Law, 75 Pa.C.S.A. § 1731, <u>see</u> Easterday Compl. ¶ 49(c).

(4)  The defendant failed to secure and is unable to produce a Rejection of Uninsured Motorist Coverage form and/or Rejection of Underinsured Motorist Coverage form with respect to the claims of each member of the classes but, nonetheless, denied and/or failed to acknowledge coverage for uninsured motorist and/or underinsured motorist benefits in violation of § 1731 of the Pennsylvania MVFR Law, 75 Pa.C.S.A. § 1731, <u>see</u> Rarick Compl.¶ 65(d)); or that the defendant failed to use and is unable to produce a Rejection of Uninsured Motorist Coverage form and/or Rejection of Underinsured Motorist Coverage form which specifically complies with § 1731 of the Pennsylvania MVFR Law, 75 Pa. C.S.A. § 1731, but nonetheless has denied coverage for each loss, <u>see</u> Easterday Compl. ¶ 49(d).

(5)  The denial and/or failure to acknowledge coverage for uninsured motorist and/or underinsured motorist benefits by the defendant to each member of the classes without securing or producing a Rejection of Uninsured Motorist Coverage form and/or Rejection of Underinsured Motorist Coverage form is an illegal and invalid denial under the Pennsylvania MVFR Law.  <u>See</u> Rarick Compl. ¶ 65(e); Easterday Compl. ¶ 49(e).

(6)  By operation of law, the defendant is required to provide uninsured motorist and/or underinsured motorist coverage under each of the automobile policies wherein coverage has been denied, either: without securing or producing a Rejection of Uninsured

Motorist Coverage form and/or a Rejection of Underinsured Motorist Coverage form in violation of § 1731 of the Pennsylvania MVFR Law, see Rarick Compl. ¶ 65(f); or in reliance upon a Rejection of Uninsured Motorist Coverage form and/or a Rejection of Underinsured Motorist Coverage form which does not specifically comply with § 1731 of the Pennsylvania MVFR Law, see Easterday Compl. ¶ 49(f).

(7) Each member of the classes is entitled to a declaration that the policy of insurance issued by the defendant under which claim has been made does, in fact, provide uninsured motorist coverage and/or underinsured motorist coverage in an amount equal to the liability coverage of that policy. See Rarick Compl. ¶ 65(g); Easterday Compl. ¶ 49(g).

(8) Each member of the classes is entitled to recover uninsured motorist and/or underinsured motorist benefits under the policy at issue issued by the defendant. See Rarick Compl.¶ 65(h); Easterday Compl. ¶ 49(h).

(9) Each member of the classes is entitled to adjudication of his or her uninsured motorist and/or underinsured motorist claims before a Special Master appointed to review and evaluate the uninsured motorist and/or underinsured motorist claim on the merits and to award benefits as appropriate. See Rarick Compl. ¶ 65(i); Easterday Compl. ¶ 49(i).

While there are many common questions of law and fact between the two cases, there are important enough differences which would make consolidation inappropriate. For example, in Rarick, there is a question as to whether an insurer may create two tiers of eligible claimants for recovery of uninsured and underinsured motorist benefits under the Pennsylvania MVFR Law allowing benefits to the first tier while denying benefits to

the second tier. Also, there is the question as to whether an insurer may utilize a rejection mandated by the Pennsylvania MVFR Law but contend that it only applies to the second tier of claimants, allowing the first tier to recover. These issues of first impression have not been addressed by the courts in Pennsylvania.

Next, in <u>Rarick</u>, the putative class involves persons who were denied recovery of uninsured or underinsured motorist benefits by reason of their being in a second tier of eligible claimants who are otherwise refused coverage by reason of the Uninsured and Underinsured Motorist Limit of Endorsement. That group of persons is materially different from the group of persons which Plaintiffs Terry and Linda Easterday seek to represent, i.e., individuals who have been denied benefits by reason of the use of an allegedly illegal and unenforceable Rejection of Underinsured Motorist Coverage under a Business Auto Policy.

Finally, the plaintiff in <u>Rarick</u> maintains that the defendant's actions in creating different classifications of individuals eligible to recover underinsured motorist benefits do not comply with public policy and the requirements of Pennsylvania's Motor Vehicle Financial Responsibility Law. Specifically, the plaintiff feels that this differentiation between directors, officers, partners, owners and their family members and other persons eligible for recovery is illegal and violative of the MVFR law. He further contends that the defendant failed to produce any valid rejection of uninsured motorist coverage of which it seeks to deny coverage. Because these questions are at the core of that case, the parties asked the judge to allow them to be addressed before any discovery was conducted regarding the class and/or the merits of Mr. Rarick's claims. Accordingly, the

parties in <u>Rarick</u> agreed to the defendant's filing of a summary judgment motion before discovery on the claim that the defendant did not obtain a valid rejection of uninsured motorist coverage by its named insured.  If summary judgment is granted on behalf of the defendant, the complaint would be dismissed on the merits with prejudice.

Applying the principles of Rule 42(a) to the defendant's motion, and in the exercise of the court's discretion with respect to matters of case management, I find it inappropriate to grant this motion to consolidate.  Although both cases involve similar legal claims and facts, the distinctions between these cases are considerable enough to cancel any benefit gained by consolidation.  Consolidation of these actions would not conserve the resources of the parties and/or counsel, and it would have little effect on the limited resources of the judiciary.  There is no sound reason why these two actions must be consolidated.  Accordingly, I will deny the motion to consolidate.

An appropriate Order follows.